IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BOBBY LEE SMITH,                    )
                                    )
    Plaintiff,                 )
                                    )
v.                                  )      Case No. CIV-25-588-JD
                                    )
OKLAHOMA ATTORNEY                   )
GENERAL'S OFFICE et al.,            )
                                    )
    Defendants.                )

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for leave to proceed in forma pauperis (IFP). Doc. 2.[1] United States District Judge Jodi W. Dishman referred the IFP motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

**I.    Discussion.**

The filing fee in civil cases is $405.00.[2] A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005);

---

[1]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]    The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $55.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

*see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of discretion). "Section 1915(a) applies to all persons applying for [in forma pauperis] status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the Court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002).

Turning to the first factor, Plaintiff, proceeding pro se, sues the Oklahoma Attorney General's Office and its employees for "malicious prosecution, defamation, constitutional violations, and administrative obstruction." Doc. 1, at 2. The Court draws no conclusion as to whether Plaintiff's cause of action is frivolous or malicious.

As to the second factor, Plaintiff is not a prisoner. So the undersigned does not find that the special concerns attendant to prisoner cases apply.

For the final factor, Plaintiff states neither he nor his spouse have earned an income in the last twelve months. Doc. 2, at 1-2. He states he has $80.00 in cash. *Id.* at 2. He also has $1,100.00 in a "Cash App" account, $36,000.00 in a "Coinbase" account, and $4,900.00 in a "Robinhood" account. *Id.* He owns a car worth $5,000.00 and has "other assets" valued at $500.00. *Id.* at 3. Finally, he states that Crystal Smith owes him $30,000.00. *Id.*

Plaintiff states that his total monthly expenses are $2,760.00. *Id.* at 4-5. He explains that he cannot pay the costs of this proceeding because he has "been denied banking services, employment, and housing" and he has "maxed out his credit card." *Id.* at 5. He further explains that he cannot pay the filing fee in this case with the $36,000.00 remaining in his Coinbase account because it is "not income or freely available capital" and is what is left of a "private loan." *Id.* at 6, 8. Yet, he also states that he has used the funds from this loan "to cover housing, living expenses, and *legal filing costs*." *Id.* at 7 (emphasis added).

The Court finds Plaintiff has not demonstrated a financial inability to pay the filing fee in this matter. He has funds in three accounts sufficient to meet both the mandatory demands on his financial resources and to pay the $405.00 filing fee. So the undersigned recommends the Court deny Plaintiff's IFP application.

## II. Recommendations.

Because Plaintiff has not demonstrated an inability to pay the filing fee, the undersigned recommends the Court deny Plaintiff's IFP motion. Doc. 2. The undersigned further recommends that the Court dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation. *See* LCvR3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before June 26, 2025. The Court further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 5th day of June, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE