UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUN 13 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____ DEPUTY

BOBBY LEE SMITH,
    Plaintiff,

V.

Case No. CIV-25-588-JD

OKLAHOMA ATTORNEY
GENERAL'S OFFICE et al,
    Defendants.

## PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION (Doc. 4)

Plaintiff Bobby Lee Smith respectfully objects to the Magistrate Judge's *Report and Recommendation* (Doc. 4), which recommends denial of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). The ruling, while respectfully acknowledged, is based on a misunderstanding of Plaintiff's true financial condition, obligations, and constraints resulting directly from the allegations giving rise to this suit.

## I. CLARIFICATION OF FINANCIAL REALITY

While Plaintiff disclosed assets totaling approximately $36,000 at the time of filing, the following key facts clarify why those assets do not constitute "freely available" resources for court access:

1. The funds are not income or earned capital, they are the remaining portion of a personal loan from a private party. Plaintiff is legally obligated to repay that loan upon demand.

2. Plaintiff has no income whatsoever. Monthly expenses total approximately $2,760, meaning Plaintiff can survive for only ten months under current conditions before depleting all resources.

3. Plaintiff owes $13,257 in back rent, and the funds in his possession are earmarked for basic housing, transportation, and essential living costs, not discretionary use.

4. *The $30,000 receivable listed in the IFP application has been frozen in divorce proceedings for over three years. Plaintiff has filed for contempt against the opposing party, but no resolution has been reached. The funds are not accessible and should not be weighed against Plaintiff's present ability to pay.*

5. Plaintiff has not made a $400 purchase since maxing out his only credit card to file previous court cases. That card is now at its limit, with a $1,000 cap, and is being repaid at $30/month.

6. Plaintiff's financial crisis is caused by the very subject of this lawsuit: defamatory, false public allegations of felony embezzlement that remain online and searchable to this day. They continue to block

1

employment, banking, and business access. Plaintiff was debanked by Chase Bank and Bank7 in 2024, citing "connection to a publicly reported financial investigation that could potentially lead, or has led, to a criminal or civil legal action."

## II. LEGAL STANDARD AND EQUITY

Under 28 U.S.C. § 1915, IFP status should be granted where payment of court fees would impair the litigant's *ability to meet basic survival needs. Courts are to assess access to usable and disposable resources, not merely* balance-sheet asset listings. When assets are borrowed, frozen by court proceedings, or essential for survival, they should not preclude access to justice.

Plaintiff meets the statutory and equitable standard for IFP eligibility:

- He has no income and no immediate means of generating income due to reputational damage caused by false AG press releases and media reports.

- The funds in question are either loan-based, declining in value (crypto), or unavailable (divorce asset).

- Plaintiff is in active litigation to access funds owed, and has already exhausted conventional routes to resolve the defamation privately.

## III. RELIEF REQUESTED

For these reasons, Plaintiff respectfully requests the Court:

1. Reject the Report and Recommendation (Doc. 4);

2. Grant the Motion to Proceed In Forma Pauperis (Doc. 2);

3. Alternatively, allow Plaintiff to provide sworn testimony, account screenshots, or other financial documentation to support these representations.

Respectfully submitted,
Dated: June 12th, 2025

6-13-25

BOBBY LEE SMITH
Plaintiff, Pro Se
1612 N Pennsylvania Ave
Oklahoma City, OK 73107
405-863-8584
nfd1288@gmail.com