IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY LEE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-00588-JD |
| ) | |
| OKLAHOMA ATTORNEY ) | |
| GENERAL'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") issued by United States Magistrate Judge Suzanne Mitchell on June 5, 2025. [Doc. No. 4]. For the reasons outlined below, the Court overrules Plaintiff's objections to the R. & R., adopts and accepts the R. & R., and denies Plaintiff Bobby Lee Smith's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis. [Doc. No. 2].

Plaintiff proceeding *pro se* initiated this case against Defendants. Plaintiff moved for leave to proceed in forma pauperis ("the Motion"). [Doc. No. 2]. The Court referred the Motion to Judge Mitchell for findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). [Doc. No. 3]. The R. & R. recommends denying the Motion because Plaintiff failed to demonstrate that he had the inability to pay the filing fee. [Doc. No. 4 at 3]. The R. & R. based this conclusion upon the fact that Plaintiff "has funds in three accounts sufficient to meet both the mandatory demands on his financial resources and to pay the $405.00 filing fee." [*Id.*]. The R. & R. advised Plaintiff of his right to object by June 26, 2025, and warned that failure to file a timely objection would waive

the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 4]. Plaintiff timely objected to the R. & R. [Doc. No. 5].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. The Court reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). When an objection is improper (objections that are not timely or specific), the Court may review the R. & R. under any standard it deems appropriate. *Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991)). The Court will construe Plaintiff's objections liberally because he is proceeding *pro se*, but the Court cannot serve as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff objects to the R. & R. because he states that it improperly takes into account funds he needs for survival, that are loan-based, declining in value, or unavailable. [Doc. No. 5 at 2]. En route to recommending denying the Motion, the R. & R. properly considered the following factors: "'whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's

financial resources.'" [Doc. No. 4 at 2 (quoting *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002))]. The R. & R. reached no conclusion regarding the merits of Plaintiff's Complaint, concluded that Plaintiff's lack of prisoner status counseled against granting the Motion, and enumerated Plaintiff's financial resources and the demands upon those resources. [*Id.* at 2–3]. The R. & R. listed Plaintiff's assets as follows: $80.00 in cash; $1,100.00 in a "Cash App" account; $36,000.00 in a "Coinbase" account; $4,900.00 in a "Robinhood" account; a car worth $5,000.00; "other assets" valued at $500.00; and a debt owed to him valued at $30,000.00. [*Id.* at 3]. It also considered Plaintiff's monthly living expenses of $2,760.00 and Plaintiff's lack of income. [*Id.*]. The R. & R. ultimately concluded Plaintiff "has funds in three accounts sufficient to meet both the mandatory demands on his financial resources and to pay the $405.00 filing fee." [*Id.*].

The Court first addresses Plaintiff's objection that the R. & R. took into account assets of Plaintiff that are unavailable to him. Specifically, "[t]he $30,000 receivable listed in the IFP application has been frozen in divorce proceedings for over three years." [Doc. No. 5 at 1]. However, the R. & R.'s conclusion that Plaintiff had the ability to pay the filing fee clearly did not rely upon those funds but upon the "three accounts" that have sufficient funds. [Doc. No. 4 at 3]. The three accounts referenced by the R. & R. are Plaintiff's Cash App account, his Coinbase account, and his Robinhood account. [*Id.*]. The R. & R., therefore, did not consider funds unavailable to Plaintiff.

Turning next to Plaintiff's objection that he needs the referenced funds for survival, the Court overrules this objection because the R. & R. properly considered his

3

monthly living expenses and his lack of income in reaching its conclusion that Plaintiff has the ability to pay the filing fee. [*See id.* at 3].

Plaintiff also objects to the R. & R. because he says the Court impermissibly takes into account funds that are loan-based, specifically $36,000 that Plaintiff states "are not income or earned capital, they are the remaining portion of a personal loan from a private party. Plaintiff is legally obligated to repay that loan upon demand." [Doc. No. 5 at 1]. However, as addressed by the R. & R., Plaintiff has been freely using the loan to pay expenses. [Doc. No. 4 at 3 ("he also states that he has used the funds from this loan 'to cover housing, living expenses, and *legal filing costs*.'" (emphasis in original) (quoting Doc. No. 2 at 7)]. Plaintiff has cited no authority supporting his position that the R. & R. should not have considered loan-based funds, nor does the Court find any support for that position.

Lastly, Plaintiff objects on the grounds that certain funds are declining in value and that the R. & R. should not have considered them when determining his ability to pay the filing fee. [Doc. No. 5 at 2]. However, Plaintiff does not identify which funds are declining in value and how that impacts his ability to pay the filing fee. [*See id.*]. Nor does Plaintiff state legal support for his position that his ability to pay should not take into account funds that are declining in value. [*See id.*].

Accordingly, for the above reasons, the Court overrules Plaintiff's objections and ACCEPTS and ADOPTS the R. & R. The Court, therefore, DENIES Plaintiff's Motion to Proceed In Forma Pauperis. [Doc. No. 2]. The Court will dismiss this action without prejudice to refiling if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of

the Court within twenty-one days of this Order, or by October 3, 2025. *See* LCvR3.3(e).

IT IS SO ORDERED this 12th day of September 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE