IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY LEE SMITH, ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-25-588-JD |
| OKLAHOMA ATTORNEY ) GENERAL'S OFFICE et al., ) | |
| Defendants. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Motion to reconsider and renewed motion to proceed in forma pauperis; objection to prior denial; and, in the alternative, request for certification or IFP on appeal." Doc. 7.[1] United States District Judge Jodi W. Dishman referred the motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 8. The undersigned addresses Plaintiff's "renewed motion to proceed in forma pauperis" and recommends the Court deny the request.[2]

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] Plaintiff asks the Court to "reconsider and vacate the Order denying leave to proceed in forma pauperis (Doc. 6)." Doc. 7, at 1. Plaintiff also "requests certification for interlocutory appeal under 28 U.S.C. § 1292(b) or leave to proceed IFP on appeal under Fed. R. App. P. 24." *Id*. The undersigned cannot "reconsider" the Court's prior order of denial and so makes no recommendations on Plaintiff's additional requests to the Court.

I.  **Discussion.**

The Court has previously denied Plaintiff's motion to proceed in forma pauperis (IFP). *See* Doc. 6; *see also* Doc. 4. Plaintiff seeks to renew his IFP motion explaining that his financial status has "deplet[ed] since the June 2025 Report and Recommendation." Doc. 7, at 1. Plaintiff states his crypto funds are "gone" and he "has no income, minimal cash, and overdue essential bills." *Id*. He argues that if the Court denies him IFP it would "unjustly bar [his] access to the federal courts." *Id*. The Court should deny Plaintiff's request to "renew[]" his IFP motion.

Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). A court has discretion under 28 U.S.C. § 1915(a) in deciding whether to grant a civil litigant permission to proceed IFP. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Grimes v. TCF Bank*, 769 F. App'x 659, 660 (10th Cir. 2019) (reviewing a district court order denying an in forma pauperis application for an abuse of discretion).

As the undersigned noted in the Report and Recommendation issued three days after Plaintiff filed his complaint, Plaintiff had sufficient funds to pay for both the necessities of life and his filing fee at the time he filed his complaint. *See* Doc. 4, at 2-3. Although Plaintiff now argues he no longer has

funds to pay the fee, "it does not follow that a court must grant IFP to a litigant who had sufficient funds to pay the filing fee at the commencement of litigation but later becomes indigent." *Lewis v. Burger King*, 398 F. App'x 323, 326 (10th Cir. 2010); *see also id*. (holding the district court "did not abuse its discretion in refusing to grant [plaintiff] IFP [in a renewed motion to proceed IPF] . . . [where] [plaintiff] *was not indigent when she filed her initial IFP application*" (emphasis added)); *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (denying IFP on appeal after determining that the appellant's monthly income exceed[ed] his monthly expenses by a few hundred dollars" and "he had sufficient income to pay the filing fees at the time [he sought the appeal]"). So the Court should deny Plaintiff's request to renew his IFP motion.

## II. Recommendation and notice of right to object.

The undersigned recommends the Court deny Plaintiff's request to renew his IFP motion. The undersigned makes no recommendations on the additional relief Plaintiff seeks from the Court.

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before October 14, 2025. The undersigned further advises Plaintiff that failure to make timely

objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of September, 2025.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE