## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY LEE SMITH, | ) |
|       Plaintiff, | ) |
| v. | )    Case No. CIV-25-00588-JD |
| OKLAHOMA ATTORNEY GENERAL'S OFFICE, et al., | ) |
|       Defendants. | ) |

## **ORDER**

Before the Court is the Supplemental Report and Recommendation ("Supplemental R. & R.") issued by United States Magistrate Judge Suzanne Mitchell on September 30, 2025. [Doc. No. 9]. For the reasons outlined below, the Court overrules Plaintiff's objections [Doc. No. 11] to the Supplemental R. & R., adopts and accepts the Supplemental R. & R., and denies Plaintiff's Motion to Reconsider and Renewed Motion to Proceed In Forma Pauperis; Objection to Prior Denial; and, in the Alternative, Request for Certification or IFP on Appeal ("Motion") [Doc. No. 7].[1]

---

[1] Additionally, the Court denies as moot Plaintiff's Emergency Motion to Expedite Ruling on Plaintiff's Renewed Motion to Proceed in Forma Pauperis [Doc. No. 10]. The Court also similarly denies Plaintiff's Motion for Clarification Regarding Treatment of Borrowed Funds [Doc. No. 12] as moot in light of the Court's other rulings, premature, or an improper filing that does not constitute an actionable request for relief. To the extent Plaintiff requests certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or leave to proceed IFP on appeal, he must file a separate motion. *See* LCvR7.1(c) ("Each motion filed shall be a separate document . . . ."); *see also* Fed. R. Civ. P. 7(b)(1) (providing that a request for court order must be made by motion and must "state with particularity the grounds for seeking the order" and the relief sought).

By order entered September 12, 2025, the Court denied Plaintiff's Motion to Proceed In Forma Pauperis, directing him to pay the full $405.00 filing fee by October 3, 2025, or the case would be dismissed. *See* [Doc. No. 6]. Thereafter, on September 22, 2025, Plaintiff filed a motion to reconsider the denial of his IFP status, asserting his "financial status" has "deplet[ed] since the June 2025 Report and Recommendation." [Doc. No. 7 at 1]. The Court referred the Motion to Judge Mitchell for findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). [Doc. No. 8].

The Supplemental R. & R. recommends denying the Motion because "Plaintiff had sufficient funds to pay for both the necessities of life and his filing fee at the time he filed his complaint." Suppl. R. & R. at 2. The Supplemental R & R. cited to *Lewis v. Burger King*, 398 F. App'x 323, 326 (10th Cir. 2010) (unpublished) for support. *Id.* at 3. The Supplemental R. & R. advised Plaintiff of his right to object by October 14, 2025, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the Supplemental R. & R. *Id.* at 3–4. Plaintiff timely objected to the Supplemental R. & R. [Doc. No. 11]. Accordingly, the Court must make a de novo determination of those portions of the Supplemental R. & R. to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1).

Plaintiff asserts that the Supplemental R. & R. "repeats the same errors as the June 2025" R. & R., "misapplies precedent, and disregards Plaintiff's current indigency." [Doc. No. 11 at 1]. He further contends that the Supplemental R. & R. "improperly freezes the inquiry at the time of filing and ignores both the depletion of Plaintiff's funds

2

and the ongoing debts and hardships that now leave Plaintiff with no income and overdue survival expenses." *Id.*

However, nothing changes the fact that Plaintiff knew on June 5, 2025, that Judge Mitchell's recommendation was for him to pay the $405.00 filing fee in full and for the Court to deny Plaintiff's motion to proceed IFP. *See* [Doc. No. 4]. This was only three days after Plaintiff filed his Complaint. [Doc. No. 1]. The fact that Plaintiff later chose to transfer all "cryptocurrency in his Robinhood and Coinbase accounts to [his] landlord in exchange for rent coverage through October 31, 2025," [Doc. No. 7 at 2], does not change that Plaintiff knew the recommendation on June 5, 2025, which was three months earlier. As the Tenth Circuit explained in *Lewis*:

> "[L]eave to proceed [IFP] is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer serves its goals." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). For example, a court can require a litigant to pay fees and costs after an initial grant of IFP "when a litigant's financial condition improves during the course of the litigation." *Id.* It therefore follows that a court can revoke a grant of IFP if it later appears that the litigant had sufficient funds at the time she filed her complaint. But it does not follow that a court must grant IFP to a litigant who had sufficient funds to pay the filing fee at the commencement of litigation but later becomes indigent.

398 F. App'x at 326.

Accordingly, for the above reasons, the Court overrules Plaintiff's objections and ACCEPTS and ADOPTS the Supplemental R. & R. The Court, therefore, DENIES Plaintiff's Motion to Reconsider and Renewed Motion to Proceed In Forma Pauperis; Objection to Prior Denial; and, in the Alternative, Request for Certification or IFP on Appeal [Doc. No. 7]. The Court will dismiss this action without prejudice to refiling if

Plaintiff does not pay the $405.00 filing fee in full to the Clerk of the Court within twenty-one days of this Order, or by **November 13, 2025**. *See* LCvR3.3(e).

IT IS SO ORDERED this 23rd day of October 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE