**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BOBBY LEE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-588-JD** |
| | ) | |
| **OKLAHOMA ATTORNEY GENERAL'S OFFICE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, "brings this action under 42 U.S.C. § 1983 for malicious prosecution and ongoing constitutional violations arising from his prosecution without probable cause and the continued dissemination of misleading information by the Oklahoma Attorney General's Office after his charges were dismissed and expunged." Doc. 29, at 1.[1] United States District Judge Jodi W. Dishman referred the motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 34.

Defendants move to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6). Doc. 32. They argue that Plaintiff's claims are time-barred, that they are immune from suit, and that Plaintiff has failed to state a claim

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

upon which relief can be granted. *Id.* Plaintiff responded. Doc. 33. So, the matter is at issue. The undersigned recommends the Court grant the motion to dismiss.

## I. Factual background and Plaintiff's claims.

"On January 6, 2020, Defendant Kirkpatrick filed a 10-count felony Information in Oklahoma County Case No. CF-2020-42, charging Plaintiff [and a co-defendant] with home repair fraud and embezzlement."[2] Doc. 29, at 2. "On October 22, 2020, Plaintiff and his attorney . . . met with Defendant Kirkpatrick and presented exculpatory evidence, . . . . [but] Kirkpatrick threatened Plaintiff with 75 years in prison and continued the prosecution." *Id.* The evidence implicated Plaintiff's co-defendant, but "charges against [her] were dismissed and she was granted immunity[,] . . . . [while] no immunity was offered to Plaintiff, and no public explanation was provided for this disparity." *Id.* "At all relevant times in 2020, Defendant Hunter was the Attorney General supervising the filing of charges and the publication of [an] Attorney General's Office press release concerning Plaintiff." *Id.* Hunter resigned in 2021 and is sued in his individual capacity. *Id.* at 1.

---

[2] "Defendant Nikki Kirkpatrick was an Assistant Attorney General who initiated and continued Plaintiff's prosecution. She is sued in her individual capacity for damages." Doc. 29, at 1.

"On July 8, 2021, [Defendant] Bryant[[3]] refiled identical charges against Plaintiff . . . . Plaintiff's attorney . . . told Plaintiff that there was 'no new evidence' supporting the refiling and that Bryant had authored an internal memorandum concluding that no crime had occurred and recommending dismissal. This memo was never disclosed to Plaintiff or the public." *Id.* "On January 10, 2022, all charges against Plaintiff were dismissed 'in the interest of justice.' Plaintiff was never convicted of any crime." *Id.* However, the Attorney General's Office did not issue any "public statement, retraction, or clarification[.]" *Id.*

The 2020 press release announcing the criminal charges "remained on the Attorney General's official website . . . . until at least February 2024, when it was silently removed without notice or correction." Doc. 29, at 2-3. In 2023, a deputy attorney general who is not a defendant (Shaner) emailed a journalist "stating: 'We could not prove beyond a reasonable doubt that [Plaintiff] had the requisite criminal intent[]' . . . . [and] encourag[ing] readers to file consumer complaints against [him] . . . . The article based on Shaner's statements remained publicly accessible through 2025." *Id.*

---

[3] "Defendant Hope Bryant was an Assistant Attorney General who continued Plaintiff's prosecution after Kirkpatrick's departure. She is sued in her individual capacity for damages." Doc. 29, at 1.

"Defendants have never issued a correction clarifying that (a) Plaintiff provided exculpatory evidence in October 2020; (b) the case was dismissed due to lack of probable cause, not 'new evidence'; or (c) the Attorney General's own internal review concluded no crime occurred." Doc. 29, at 3. As a result of the criminal prosecution against him and "Defendants' statements, Plaintiff has suffered concrete and ongoing harm[,]" including closed bank accounts, "Chapter 7 bankruptcy in 2022 due to litigation-related costs[,]" and "deni[al of] housing and employment based on background checks showing unresolved allegations." *Id.* "On October 9, 2025, Plaintiff obtained a court-ordered expungement in Oklahoma County Case No. CV-2025-1871, . . . sealing the charges and arrest. Defendants have not acknowledged this expungement or corrected the public record." *Id.*

Plaintiff asserts claims under 42 U.S.C. § 1983 against all defendants for malicious prosecution and "Fourteenth Amendment Due Process (Stigma-Plus)[.]" Doc. 29, at 3-4. "Defendant Gentner Drummond is the current Oklahoma Attorney General and is sued in his official capacity for declaratory and injunctive relief." Doc. 29, at 1, 4. Plaintiff also seeks compensatory and punitive damages against Defendants Hunter, Kirkpatrick, and Bryant, and costs and attorney's fees pursuant to 42 U.S.C. § 1988. *Id.* at 4.

## II. Standard of review.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a motion to dismiss, this Court "accept[s] the well-pleaded facts alleged as true and view[s] them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678. "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Clinton*, 63 F.4th at 1275 (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). But this Court's "task is to

consider the complaint's allegations 'taken as a whole.'" *Id.* (quoting *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1173 (10th Cir. 2010)). "[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Id.* at 1276 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). So, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

Defendants assert that they are entitled to qualified immunity. Doc. 32, at 10-12. "[T]o survive a motion to dismiss based on qualified immunity, a plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time.'" *Berryman v. Niceta*, 143 F.4th 1134, 1140 (10th Cir. 2025) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008)).

## III. The Eleventh Amendment bars Plaintiff's claims against Defendant Drummond and the Office of the Attorney General.

Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). Congress, in creating a private right of action under § 1983,

did not, however, abrogate state sovereign immunity. *See Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989). And neither States nor state officials sued in their official capacities are considered "persons" within the meaning of 42 U.S.C. § 1983. *Id.*

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Thus, claims for damages against a state official in his official capacity are construed as claims against the State and, so, are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that a suit against an individual acting in an official capacity is properly treated as a suit against the State itself and "the Eleventh Amendment bars a damages action against a State in federal court"); *see also White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996) (holding Eleventh Amendment sovereign immunity barred § 1983 claims "for money damages" against prison officials in their official capacities).

Oklahoma has not waived its Eleventh Amendment immunity by consenting to suit in federal court. *See* OKLA. STAT. TIT. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.").

Here, Plaintiff does not seek monetary damages against Drummond or the Attorney General's Office. Doc. 29, at 1; *see* Doc. 33, at 5. A suit against state officials may proceed under the exception in *Ex parte Young*, 209 U.S. 123 (1908), which permits "suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). "The *Ex parte Young* exception proceeds on the fiction that an action against a state official seeking only prospective injunctive relief is not an action against the state and, as a result, is not subject to the doctrine of sovereign immunity." *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1154 (10th Cir. 2011).

Plaintiff alleges that he "continues to suffer irreparable harm from uncorrected and misleading information[]" and seeks prospective injunctive relief in the form of orders directing Drummond to perform a litany of actions. Doc. 29, at 4. Specifically, Plaintiff asks the Court to order Drummond to

> issue written clarification that Plaintiff's charges were dismissed due to lack of probable cause, not "new evidence"; correct prior public statements mischaracterizing the basis for dismissal; acknowledge Plaintiff's expungement; and cease further dissemination of misleading information concerning Plaintiff[.]

*Id.*; *see also* Doc. 33, at 4 ("Plaintiff seeks prospective relief requiring correction of misleading information and clarification of the basis for dismissal.").

As another court in this circuit has noted, "The Tenth Circuit has not yet opined on whether the *Ex parte Young* exception applies where a plaintiff seeks to expunge harmful records. In recent authority, the Second and Ninth Circuit have reached diverging conclusions on whether expungement is a form of relief permitted by *Ex parte Young*." *Morrill v. Aarhaus*, No. 24-CV-00199, 2025 WL 815383, at *7 (D. Colo. Mar. 14, 2025) (citing *T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2700 (2025), and *Jensen v. Brown*, 131 F.4th 677 (9th Cir. 2025)); *cf. Thompkins v. Ladapo*, No. 5:25-CV-326, 2026 WL 2122963, at *3 (N.D. Fla. July 20, 2026) ("[N]umerous courts . . . have held that a request to expunge adverse information in an employment record that resulted from an alleged constitutional or statutory violation is prospective relief for purposes of *Ex parte Young*." (collecting cases)); *Serrano v. Ackley*, No. 11-3091, 2013 WL 4482980, at *3 (D. Kan. Aug. 19, 2013) (inmate's request "that his disciplinary files be expunged" sought prospective injunctive relief).

Here, Plaintiff has already obtained an expungement of his criminal charges and acknowledges that the press release is no longer maintained on the Attorney General's website. Doc. 29, at 3. Accordingly, "there is [no] record to expunge[,]" and Plaintiff does not seek prospective relief falling within the exception to *Ex Parte Young*. *Morrill*, 2025 WL 815383, at *8 (also questioning

whether "asking for expungement as a form of injunctive relief in asking that the defendants 'remove' the Letter of Reprimand via a 'written declaration countermanding the content' of the letter of reprimand" constitutes a form of prospective injunctive relief); *see Weiss v. Bowling Green State Univ.*, No. 3:22-CV-140, 2026 WL 2935552, at *4 (N.D. Ohio Sept. 30, 2026) ("[T]his sort of 'name-clearing' and . . . request for 'injunctive relief needed to reestablish [the plaintiff's] position and standing . . . as it was prior to his suspension' both ask that [the defendant], in his official capacity, undo something that had already been completed." (some quotations omitted; citing *Lipian v. Univ. of Mich.*, 453 F. Supp. 3d 937, 955 (E.D. Mich. 2020)); *cf. Hakeem v. Kansas Dep't of Hum. Servs., Child Support Enf't Div.*, No. 22-3144, 2022 WL 16642268, at *5 (10th Cir. Nov. 3, 2022) (plaintiff's request for "the return of funds that were previously taken from him . . . . alleges no ongoing constitutional violations that can be remedied by prospective, injunctive relief[]"). And Plaintiff has failed to plausibly allege that Drummond or the Office of the Attorney General continues to disseminate any information about his criminal case. *Cf. Morrill*, 2025 WL 815383, at *8 ("[E]ven where plaintiff asserts that his speech has been chilled, he must identify an ongoing, retaliatory act that is chilling his speech. Plaintiff fails to do so in relying on past acts of alleged retaliation to support his claims[.]") The Court should therefore dismiss Plaintiff's claims

against Defendant Drummond and the Office of the Attorney General without prejudice. *See, e.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**IV. The remaining Defendants are entitled to qualified immunity.**

A defendant sued in his individual capacity under § 1983 is entitled to qualified immunity unless the plaintiff demonstrates "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *TD v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). Qualified immunity is an affirmative defense that "shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Once properly asserted, the defense of qualified immunity "creates a presumption that the defendant is immune from suit." *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1178 (10th Cir. 2020) (quotation marks and brackets omitted). To overcome the presumption, Plaintiff "must show that (1) the officers' alleged conduct violated a constitutional right, and (2) it was

clearly established at the time of the violation . . . that such conduct constituted a violation of that right." *Id.*

Plaintiff has failed to plead a violation of his clearly established constitutional rights. Accepting as true Plaintiff's conclusory allegations that Defendants Kirkpatrick and Bryant pursued or maintained criminal charges against him despite having exculpatory evidence, Plaintiff's allegations do not allow a plausible inference that Defendants acted in the absence of any probable cause to believe that Plaintiff had committed a crime. *See*, *e.g.*, *Eckert v. Dougherty*, 658 F. App'x 401, 407 (10th Cir. 2016) ("flaws [in a search warrant affidavit] did not eliminate all probative value"); *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) ("Probable cause is not a precise quantum of evidence—it does not, for example, require the suspect's guilt to be more likely true than false. Instead, the relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." (quotations and citations omitted)); *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007) (en banc) ("[T]he defendant is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed[.]").

As Plaintiff contends, his "allegations are not limited solely to the decision to file charges. Plaintiff challenges post-dismissal conduct, public

statements, continuing dissemination of misleading information, and failure to correct the public record." Doc. 33, at 4. But Defendants also did not violate Plaintiff's clearly established constitutional rights by issuing a press release or through any inaction in removing the press release or issuing any additional statement following the dismissal of the criminal case. *See*, *e.g.*, *Palmer v. Schuette*, 768 F. App'x 422, 427 (6th Cir. 2019) (statements in a press release which "did not differ to any great extent from the factual statement contained in the misdemeanor complaint" did not demonstrate any violation of a constitutional right); *Gruver v. Soyez*, No. 23-1179, 2025 WL 949132, at *7 (D. Kan. Mar. 28, 2025) (finding a prosecutor was entitled to qualified immunity in connection with a press release); *Bertuglia v. City of New York*, 133 F. Supp. 3d 608, 649 (S.D.N.Y. 2015) ("[A] reasonable ADA would not conclude that the statements in the press release reporting the return of an indictment would constitute a violation of clearly established law . . . . The ADA defendants are thus entitled to qualified immunity. Their motion for summary judgment dismissing the stigma plus claim is granted."), *aff'd sub nom. Bertuglia v. Schaffler*, 672 F. App'x 96 (2d Cir. 2016). The Court should therefore find that the remaining Defendants are entitled to qualified immunity.[4]

[4] Defendants also request dismissal on other grounds. Doc. 32, at 5-7, 8-10, 12-15. The Court need not address these remaining arguments given the recommended ruling.

## V. Recommendation and notice of right to object.

For these reasons, the undersigned recommends the Court grant Defendants' motion to dismiss, Doc. 32, dismiss Plaintiff's claims against Defendant Drummond and the Office of the Attorney General without prejudice for lack of jurisdiction, and dismiss Plaintiff's claims against the remaining Defendants because they are entitled to qualified immunity.

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of the Court on or before November 24, 2026. The undersigned further advises Plaintiff that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 10th day of November, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE